IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-03254 |
| ) | |
| BANK OF AMERICA, NA, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

I. **PRELIMINARY STATEMENT**

1. Plaintiff Charlotte Warren ("Plaintiff" or "Warren"), a severely disabled African American woman, fought for years to obtain the Social Security Disability benefits that she was due. She could not have imagined that she would then have to fight to access those very dollars after depositing a United States Treasury Check in her name with Defendant Bank of America, NA ("Defendant" or "BofA") due to Defendant's intentional racial discrimination. After Warren deposited the government check at her local BofA branch, in violation of Section 1981, Expedited Funds Availability Act, and the Parties' Deposit Agreement but consistent with BofA's pattern or practice of discrimination, Defendant put an unnecessary hold on her account. When Warren inquired about the hold, BofA explained that such holds were necessary to investigate whether the funds stemmed from illegal drug activity. In contrast, Plaintiff's Social Security counsel has never had one of his white or Asian clients experience similar holds or investigations in attempting to access their Social Security Disability benefits deposited with BofA. BofA told Warren to call the Internal Revenue Service ("IRS") even though Warren had no debt to the IRS. Even after receiving IRS confirmation that Warren did not owe the government, BofA closed Warren's account and has refused to return her Social Security Disability benefits.

2. Plaintiff brings this Action not only to finally obtain access to her needed Social Security Disability benefits but to shine a light on the systemic discrimination and racism that continues to prevent racial minorities from fully and fairly utilizing the financial services industry.

3. This action seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's violations of 42 U.S.C. § 1981 ("Section 1981") and the Expedited Funds Availability Act, as well as for breach of contract, conversion, and unjust enrichment.

## II. PARTIES

4. Plaintiff Charlotte Warren is a citizen of and domiciled in DuPage County, Illinois.

5. Defendant Bank of America, NA, is a national banking institution with an address of 2943 W. 95th St., Naperville, IL 60564.

## III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of the plaintiff's rights under Section 1981, and 12 U.S.C. § 4010(d) for the violation of the Expedited Funds Availability Act.

7. This Court has supplemental subject matter jurisdiction over the Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful practices and actions alleged herein, occurred in this district.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

9. On April 6, 2023, the United States Treasury issued Plaintiff a check for $24,518.14 as partial payment for retroactive Social Security disability benefits, of which Plaintiff has been

deprived of since at least 2013. A redacted copy of the check is attached as Exhibit 1. (the "Check".)

10. On or about April 17, 2023, Plaintiff went to Defendant's branch at 2943 W. 95th Street in Naperville, Illinois, to set up a BofA "Advantage Plus" checking account.

11. Defendant set up the checking account and assigned Plaintiff account number *********8051.

12. At approximately 12:25 PM on April 17, 2023, Plaintiff deposited the endorsed Check into her assigned BofA account. Redacted Confirmation of Deposit is attached as Exhibit 2 (the "Confirmation".)

13. The Confirmation informed Plaintiff of an account "Hold" that prevented her access to some of the funds until April 24, 2023, at 9:00 AM.

14. On April 18, 2023, Defendant mailed Plaintiff a letter indicating that a hold was placed on the check until April 26, 2023, at 9:00 AM. Redacted April 18, 2023, correspondence attached hereto as Exhibit 3.

15. On April 18, 2023, Plaintiff went to BofA to inquire why she was unable to access the funds from the Check she had deposited in her account. BofA staff told Plaintiff that the bank was investigating. The staff explained that such holds were placed on accounts when the Bank suspects the funds stemmed from illegal drug activities.

16. There was no objective basis for BofA to presume that the Check issued to Plaintiff by the United States Treasury was related to any illegal drug dealing or any other illicit activity. BofA instead based its decision to investigate Plaintiff's Check on harmful racial stereotypes.

3

17. The Currency and Foreign Transactions Reporting Act of 1970, which requires financial institutions to report cash transactions exceeding $10,000, does not apply to a check drawn on the payer's own account regardless of the amount.

18. Under the Expedited Funds Availability Act, depository institutions are required to make funds "available for withdrawal not later than the business day after the business day on which such funds are deposited in the case of a check which— (i) is drawn on the Treasury of the United States; and (ii) is endorsed only by the person to whom it was issued." 12 U.S.C. § 4002(A)(i)-(ii).

19. Accordingly, BofA's "policy is to make funds from U.S. Treasury checks that are payable to you available no later than the first business day after the day of the deposit." Deposit Agreement and Disclosures (bankofamerica.com), (Nov. 2022); available at https://www.bankofamerica.com/salesservices/deposits/resources/deposit-agreements/ (last accessed May 23, 2023.)

20. Plaintiff deposited a check from the Treasury of the United States, issued to her, and endorsed by her.

21. BofA routinely permits withdrawals of funds deposited by check for white account holders without incident or delay, including checks from the United States Treasury.

22. Plaintiff's Social Security counsel has never had a white or Asian client have any problem accessing Social Security Disability funds deposited at BofA. Nor have any of Social Security counsel's white or Asian clients been subjected to an investigation before being able to access their funds.

23. On information and belief, BofA's account hold policies have a disparate impact on African American depositors.

24. On April 19, 2023, Defendant mailed Plaintiff a letter indicating that BofA "made the decision to close your deposit account ending in 8051." Redacted April 19, 2023, correspondence is attached as Exhibit 4.

25. Plaintiff continued to press BofA to make the funds from the Check available to her from April 18 through phone calls to BofA, which included her Social Security attorney. BofA told Plaintiff and her attorney that BofA had emailed the IRS and they were waiting to hear back from the IRS. In the meantime, Plaintiff still was unable to access her Social Security Disability funds.

26. On April 28, 2023, Plaintiff contacted the IRS, the Naperville Police, and the Social Security Administration. None of the agencies were able to explain why Defendant refused to release the funds from the United States Treasury Check.

27. BofA told Plaintiff that the funds were being withheld because she might owe back taxes and no amount of documentation from Plaintiff would be sufficient to address their concerns until BofA conducted its own investigation.

28. Nevertheless, Defendant has not returned the $24,518.14 deposited in Plaintiff's BofA account.

V. **CLAIMS**

**COUNT I**
**Discrimination in Violation of Section 1981**

29. Plaintiff incorporates paragraphs 1 through 28 as if fully stated herein.

30. Plaintiff is an African American woman.

31. Plaintiff contracted with BofA for banking services.

32. By the actions detailed above, among others, Defendant has intentionally discriminated against the Plaintiff in violation of Section 1981 by, among other things, denying

her equal terms and conditions of contract to those offered to non-African American depositors, impeding her ability to make business decisions, and interfering with her ability to access funds from her Check for over one month based on harmful racial stereotypes.

33. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

34. Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of Section 1981, for which the plaintiffs are entitled to an award of punitive damages.

35. But for the Defendant's unlawful and discriminatory action, Plaintiff would not have suffered damages.

WHEREFORE, Plaintiff CHARLOTTE WARREN respectfully requests that this Court enter judgment in her favor and against Defendant BANK OF AMERICA, NA, in an amount more than $24,518.14 plus pre-judgment interest, punitive damages, attorneys' fees, and costs, and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT II
### Violation of the Expedited Funds Availability Act

36. Plaintiff incorporates paragraphs 1 through 28 as if fully stated herein.

37. BofA is a depository institution under the Expedited Funds Availability Act. 12 U.S.C. 4001(12).

38. After Plaintiff deposited an endorsed check issued to her from the United States Treasury, BofA failed to provide Plaintiff with access to funds.

39. BofA's actions were intentional as it continued to refuse to release Plaintiff's funds even after repeated requests.

40. BofA's failure was not the result of a clerical error or computational malfunction.

41. As a result of BofA's failure, Plaintiff has suffered damages.

WHEREFORE, Plaintiff CHARLOTTE WARREN, respectfully requests that this Court enter judgment in her favor and against Defendant, BANK OF AMERICA, NA, in an amount in excess of $24,518.14 plus pre-judgment interest, $1000 additional liability, costs and attorneys' fees as provided under 12 U.S.C. 4010, and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT III
### Breach of Contract

42. Plaintiff incorporates paragraphs 1 through 28 as if fully stated herein.

43. Defendant entered into a banking agreement with Plaintiff for the ********8051 checking account ("Agreement").

44. The Agreement provides that funds from U.S. Treasury checks that are payable to the account holder are available no later than the first business day after the deposit.

45. The Agreement also sets forth procedures for the return of funds held in a BofA account when closed.

46. The Agreement was supported by adequate consideration.

47. Every agreement contains an obligation for the parties to act in good faith and deal fairly with each other.

48. Defendant materially breached the Agreement by refusing to allow Plaintiff access to the funds she deposited her BofA account.

49. Defendant has materially breached the Agreement executed between the parties by failing to act in good faith by closing the ********8051 account even though the only funds came

from a single United States Treasury Check and it had received confirmation that there were no back taxes due.

50. Defendant materially breached the Agreement by refusing to return the funds deposited in Plaintiff's ********8051 account after it unilaterally closed the account.

51. Plaintiff has suffered monetary and other damages, in an as-yet undetermined amount, as the direct and proximate result of the Defendant's material breaches of the Agreement.

52. As a direct and proximate result of the Defendant's breaches of contract and breach of the duty of good faith and fair dealing, the Plaintiff has suffered, and continue to suffer, economic harm for which she is entitled to an award of damages to the greatest extent permitted under law.

WHEREFORE, Plaintiff CHARLOTTE WARREN, respectfully requests that this Court enter judgment in her favor and against Defendant, BANK OF AMERICA, NA, in an amount more than $24,518.14 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT IV
### Conversion

53. Plaintiff incorporates paragraphs 1 through 28 as if fully stated herein.

54. Plaintiff has made repeated demands that BofA return Plaintiff's funds she had deposited in her BofA account.

55. BofA knows that the funds deposited in Plaintiff's BofA account belong to Plaintiff.

56. Plaintiff has an absolute and unconditional right to the immediate possession of the funds she had deposited in her BofA account.

57. BofA has refused, repeatedly, to pay Plaintiff the funds that are her rightful property even after closing her BofA account.

58. Upon receiving the letter from the IRS, BofA possessed all the information necessary to know that the funds deposited in Plaintiff's BofA account were rightfully Plaintiff's.

59. BofA acted willfully or with wanton disregard for Plaintiff's rights such that punitive damages are warranted.

60. As a proximate result of BofA actions, Plaintiff has suffered monetary damages including the value of her deposit and interest.

WHEREFORE, Plaintiff, CHARLOTTE WARREN, respectfully requests that this Court enter judgment in her favor and against Defendant, BANK OF AMERICA, NA, in an amount in excess of $24,518.14 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## COUNT V
### Unjust Enrichment

61. Plaintiff incorporates paragraphs 1 through 28 as if fully stated herein.

62. BofA's conduct in withholding the above-described funds constitutes an unjustly retained benefit to the detriment of Plaintiff.

63. BofA's retention of the funds violates the fundamental principles of justice, equity, and good conscience.

64. Plaintiff has suffered actual damages as described above which were proximately caused by BofA's actions.

WHEREFORE, Plaintiff CHARLOTTE WARREN, respectfully requests that this Court enter judgment in her favor and against Defendant, BANK OF AMERICA, NA, in an amount of $24,518.14 plus pre-judgment interest and for any other such relief that the Court finds necessary or proper under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHARLOTTE WARREN respectfully requests that the Court enter judgment against Defendant BANK OF AMERICA, NA; award compensatory damages in an amount in excess of $24,518.14, punitive damages in an amount to punish and deter Defendant from engaging in such misconduct in the future, $1000 statutory damages, attorneys fees and costs, and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all such claims that may be so tried.

Dated: May 23, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**CHARLOTTE WARREN**
　　　　　　　　　　　　　　　　　　　　Plaintiff

　　　　　　　　　　　　　　　　　　　　By: /s/Gail S. Eisenberg
　　　　　　　　　　　　　　　　　　　　One of Her Attorneys

Gail S. Eisenberg, Esq.
Ross M. Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
office: (312) 899-6625
gail@loftusandeisenberg.com
ross@loftusandeisenberg.com